# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2479

VATCHAREE PRONSIVAKULCHAI,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A079-190-556

ARGUED JUNE 6, 2011—DECIDED JULY 25, 2011

Before BAUER, KANNE and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* This is an appeal from an order
of the Board of Immigration Appeals (the "BIA") finding
the petitioner removable from the United States and
ineligible for asylum and withholding of removal.

The petitioner is a native and citizen of Thailand who
was extradited from Thailand to the United States to stand
trial on drug charges in the Northern District of Illinois.

Once in the United States, the petitioner wrote letters to people in Thailand who were suspected of being involved in the drug trade in order to assist the Drug Enforcement Administration (the "DEA") in its investigation of drug trafficking from Thailand. The government ultimately moved to dismiss the charges against her in the Northern District and commenced removal proceedings.

## I.  PROCEDURAL HISTORY

The case before us is a sequel to the decision by the same panel reported at *Pronsivakulchai v. Gonzales,* 461 F.3d 903 (7th Cir. 2006). In that opinion, we vacated an order by the BIA finding the petitioner removable from the United States and ineligible for asylum and withholding of removal. We remanded the case for further proceedings because the immigration judge (the "IJ") reviewing her case had denied her an opportunity to rebut the government's contention that she had committed a serious non-political crime in Thailand prior to her arrival in the United States; this argument had formed the basis of the order that she be removed.

On remand, the petitioner was allowed to present evidence on her own behalf and to rebut the government's testimony that she was involved in drug trafficking in Thailand. She also attempted to establish her entitlement to protection under the Convention Against Torture (the "CAT"). On January 12, 2009, IJ Jennie Giambastiani issued a 41-page decision and order finding the petitioner removable as charged. After

reviewing the IJ's decision, the BIA ordered that the petitioner's appeal be dismissed. She now challenges the sufficiency of the procedural aspects of the removal proceedings below as well as the IJ's finding that there was "serious reason to believe" that she had committed a "serious non-political offense outside of the United States," namely drug trafficking.

## II. DISCUSSION

### A. The Proceedings Held On Remand Were Procedurally Fair

We review the sufficiency of the procedural aspects of an immigration hearing *de novo*. *Boyanivskyy v. Gonzales*, 450 F.3d 286, 291 (7th Cir. 2006). The Fifth Amendment entitles aliens to due process in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). This entails a meaningful opportunity to be heard and to present evidence on one's own behalf. *Rodriguez Galicia v. Gonzales*, 422 F.3d 529, 538 (7th Cir. 2005).

The petitioner's arguments on this score are very reminiscent of those that were made in her last appeal to this court. While the first round of proceedings below struck us as fundamentally unfair, the same cannot be said of the proceedings that were held on remand. Whereas on the first go-around the petitioner was denied a meaningful opportunity to rebut the government's evidence against her, on remand she was able to cross-examine the government's witnesses (who traveled from Thailand for the proceedings), and to present her own

testimony and the testimony of three other witnesses appearing on her behalf. Both parties submitted additional documentary evidence in support of their respective positions and the IJ carefully weighed the evidence on both sides, as evidenced by her lengthy and comprehensive written decision. This is precisely what due process requires in such proceedings. We find that the proceedings were fair and deny the petitioner further review of her petition on due process grounds.

### B.    The IJ's Findings About The Petitioner's Alleged Role In Drug Trafficking Were Adequately Supported By The Evidence Presented

The success of the petitioner's appeal depends on her challenge to the IJ's finding that the evidence presented gave rise to "serious reason to believe" she had committed drug trafficking crimes in Thailand. That finding, if affirmed, bars her from eligibility for asylum, cancellation of removal, and CAT protection. *See* 8 U.S.C. § 1158(b)(2)(A)(iii) (barring asylum); 8 U.S.C. § 1231(b)(3)(B)(iii) (barring withholding of removal); and 8 C.F.R. § 1208.16(d)(2) (barring withholding of removal under the CAT based on 8 U.S.C. § 1231(b)(3)(B)(iii)).

Even though the evidence presented on remand included the testimony of a DEA officer and a Royal Thai police officer implicating her in drug activity, arrest warrants from both Thailand and the United States, and the petitioner's own testimony admitting that she had engaged in drug transactions, the petitioner still claims

that there was insufficient evidence to meet the "serious reason to believe" standard. However, we agree with the IJ that the "reasonable, substantial and probative evidence presented during the entirety of the petitioner's removal proceedings" on remand establishes serious reason to believe she is or has been a trafficker of heroin.

The petitioner claims that the overwhelming evidence of her involvement in the drug trade should be disregarded because hearsay statements were improperly entered into evidence. The statements the IJ relied upon were based in large part on personal knowledge. Even accepting the petitioner's argument that some of the statements amounted to hearsay, hearsay is admissible in removal proceedings, so this argument does not require further discussion. *See Ogbolumani v. Napolitano*, 557 F.3d 729, 734 (7th Cir. 2009). She also disputes credibility determinations the IJ made in favor of the government's witnesses, even though specific reasons were given for making such determinations and many were supported by documentary evidence in the record. Since we defer to credibility determinations made below, this argument similarly merits no further discussion. *See Shmyhelskyy v. Gonzales*, 477 F.3d 474, 479 (7th Cir. 2007) (holding that "[c]redibility determinations are questions of fact and should only be overturned in extraordinary circumstances"); *Capric v. Ashcroft*, 355 F.3d 1075, 1086 (7th Cir. 2004) (holding that an IJ's credibility determinations enjoy "highly deferential" review when supported by "specific cogent reasons" that bear a "legitimate nexus" to the findings).

### III. CONCLUSION

The outcome of this case follows the Latin phrase "dura lex, sed lex"—the law is hard, but it's the law. The petitioner was brought to the United States to stand trial, never received a trial, and, after cooperating with the DEA, will be returned to Thailand where those she tried to help the DEA identify still lurk. While we are sympathetic, the evidence produced at a full and fair hearing squarely links her to the serious crime of drug trafficking, barring her from the relief she seeks in this matter. The petitioner's request that the case be remanded again is therefore DENIED.